**Leslie A. Baxter, SBN 148195**
lbaxter@randicklaw.com
**Patrick E. Guevara, SBN 202727**
pguevara@randicklaw.com
**RANDICK O'DEA & TOOLIATOS, LLP**
5000 Hopyard Road, Suite 400
Pleasanton, CA 94588
Phone (925) 460-3700
Fax    (925) 460-0969

Attorneys for Plaintiff AJMAL AKBAR dba COMMUNITY ONE
FINANCIAL AND REAL ESTATE SERVICES

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| AJMAL AKBAR, an individual doing business as COMMUNITY ONE FINANCIAL AND REAL ESTATE SERVICES, <br><br>                 Plaintiff, <br><br>     vs. <br><br> LEXINGTON INSURANCE COMPANY, a Delaware corporation, <br><br>               Defendant. | Case No.: C07-04027 MCC <br><br> **AMENDED CASE MANAGEMENT CONFERENCE STATEMENT** <br><br> Date:          December 7, 2007 <br> Time:         10:30 a.m. <br> Judge:       Honorable Maxine M. Chesney <br> Courtroom:  No. 7 |

1

On November 7, 2007, Plaintiff Ajmal Akbar, an individual doing business as Community One Financial and Real Estate Services (hereinafter "Plaintiff") filed a case management conference statement pursuant L.R. 16-9. This case was subsequently assigned to the Honorable Maxine M. Cheney. Plaintiff submits this amended statement pursuant to the Court's Case Management Conference Order on November 15, 2007.

In an effort to minimize legal fees and costs to Defendant Lexington Insurance Company (hereinafter "Insurer"), Plaintiff and the Insurer's in-house legal counsel have engaged in negotiations in an effort to settle their disputes before Plaintiff served his summons and complaint. Insurer has not yet appeared in this case; therefore, Plaintiff must file a separate case management conference statement.

    1.   <u>Jurisdiction and Service</u>.

        a.    The basis for subject matter jurisdiction over Plaintiff's claims is diversity of citizenship among the parties. Plaintiff's principal place of business is Fremont, California. Defendant Insurer is a Delaware corporation with its principal place of business in Boston, Massachusetts. Defendant is an insurer that regularly issues and delivers liability insurance policies to residents of the Northern District of California; thus, this Court has personal jurisdiction over the defendant.

        b.    To facilitate settlement discussions that began shortly after Plaintiff's complaint was filed, Plaintiff has agreed to hold off service of summons and complaint upon the Insurer. As of October 30, 2007, Plaintiff has submitted supporting documentation and detailed calculations of out-of-pocket expenses and is waiting for Insurer's counter-offer to Plaintiff's settlement demand. Plaintiff's counsel left voice mails and sent emails to Insurer following up on the counter-offer but has not yet received a response. Plaintiff has also requested Insurer to waive service of process pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. If Plaintiff does not receive waiver of service from Insurer by the end

AMENDED CASE MANAGEMENT CONFERENCE STATEMENT
C07-04027 MMC
159984

of today, Plaintiff will serve the summons and complaint on Insurer on or before December 4, 2007.

2.    <u>Facts</u>:

c.     This is an action by Plaintiff against Insurer for the breach of an insurance contract and for breach of the implied covenant of good faith and fair dealing that Insurer owes to Plaintiff.  Plaintiff is a real estate and mortgage loan broker licensed by the California Department of Real Estate.  On or about September 7, 2005, Plaintiff obtained a Miscellaneous Professional Liability Insurance Policy from Insurer (the "Policy"), the terms of which Insurer agreed to defend and indemnify Plaintiff against liability resulting from Plaintiff's real estate and mortgage loan brokerage business.  The Policy is a "Claims Made and Reported Policy" that was valid for claims made beginning on September 7, 2005 and ending on September 7, 2006.  The Policy applied to error or omissions occurring on or after September 7, 2004.

d.     Plaintiff brokered a mortgage refinancing loan transaction for Maricela Gutierrez.  The loan, which closed on July 8, 2005, was funded by another party, Ownit Mortgage Solutions, Inc. (the "Lender").  The rescission disclosure given to Ms. Gutierrez at the closing required that notice of a borrower's intent to rescind the loan must be made directly to Lender not the broker.  Ms. Gutierrez did not give the Lender notice of her intent to rescind the loan.  Instead, she visited Plaintiff on July 18, 2007 requesting that he rescind the loan transaction. Plaintiff was unable to do so because the rescission period had passed and Lender, not Plaintiff, is the only party that can rescind the loan.  Ms. Gutierrez made additional visits to Plaintiff complaining about the loan transaction, including a pre-payment penalty she was required to pay.  As a gesture of goodwill, Plaintiff offered to reimburse Ms. Gutierrez for the amount of her pre-payment penalty, but she never responded to this offer.   Nearly one year later, Ms. Gutierrez

AMENDED CASE MANAGEMENT CONFERENCE STATEMENT
C07-04027 MMC
159984

commenced an action against Plaintiff and Lender in the Superior Court of California, County of Alameda, entitled *Gutierrez v. Akbar et al.* (Case No. RG06276752) for damages allegedly suffered as a result of the mortgage loan transaction brokered by Plaintiff.  On August 8, 2006, Plaintiff was served with Ms. Gutierrez's complaint, and he immediately gave Insurer notice of Ms. Gutierrez's lawsuit.  On or around August 16, 2006, Insurer acknowledged receipt of Plaintiff's notice of the Gutierrez lawsuit and advised Plaintiff that it would notify him shortly about its decision on whether it was going to defend and indemnify Plaintiff for this lawsuit.

e.      As of November 2006, Plaintiff did not receive any correspondence from Insurer denying or confirming coverage, so Plaintiff retained his own attorneys to defend him in the Gutierrez lawsuit.  Plaintiff's defense counsel made numerous attempts to obtain coverage confirmation from the Insurer, including voice mails that were not returned and several letters advising Insurer of the case status and demanding a coverage decision.  On April 30, 2007, Plaintiff's counsel sent Insurer written notice of Plaintiff's intent to file an action against Insurer for breach of the insurance contract and for "bad faith."  In response, the Insurer faxed to Plaintiff's counsel on May 1, 2007 a letter purportedly dated September 18, 2005 from Insurer confirming denial of coverage for the Gutierrez matter. To support its denial, Insurer argued that Gutierrez reported her claim on or around July 2005, which is before the Policy was in effect.  Plaintiff never received Insurer's September 18, 2005 letter and was not provided proof of its delivery on the purported date by Insurer.  On May 7, 2007, Plaintiff's counsel wrote a detailed letter analyzing California case law on the definition of "claim," enclosing excepts from Ms. Gutierrez's deposition transcripts regarding the details of her complaints to Plaintiff, and requesting Insurer to reconsider its denial of coverage.  Insurer never responded to this request for reconsideration.

4

AMENDED CASE MANAGEMENT CONFERENCE STATEMENT
C07-04027 MMC
159984

f.       After numerous rounds of written discovery and seven depositions, the Gutierrez lawsuit was settled in mediation on June 13, 2007.  Pursuant to the terms of the settlement, Plaintiff paid Ms. Gutierrez $50,000 and her lawsuit was dismissed with prejudice.  In addition to the settlement payment, Plaintiff incurred out-of-pocket legal fees and costs in excess of $100,000 to defend himself in the Gutierrez lawsuit.

g.       The principal factual disputes between Plaintiff and Insurer are: (1) whether Ms. Gutierrez presented a "claim" on July 2005 (shortly after the loan transaction closed) or on August 16, 2006 (when Ms. Gutierrez served Plaintiff with her complaint); and (2) whether Insurer's actions breach the implied covenant of good faith and fair dealing.

3.       <u>Legal Issues</u>:  The principal disputed point of law is the meaning of the term "claim" in the Policy.

a.       The Policy states that: "**Claim** means a notice received by an **Insured** from a person or entity advising that it is the intention of that person or entity to hold the **Insured** liable for **Damages** for a **Wrongful Act** covered under this policy."  Further, the Policy states that "**Damages** mean judgments [excluding fines, taxes, penalties, and punitive or exemplary damages] or settlements negotiated with the approval of [Insurer]."

b.       A court's interpretation of an insurance policy "is governed by the clear and explicit meaning of the policy's written provisions."  *Lenscrafters, Inc. v. Liberty Mutual Fire Insurance Co.* (N.D.Cal. 2005) 2005 WL 146896, *4.  "If contractual language is clear and explicit, it governs." *Id*. at *7 (citing *Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264-1265).

c.       Here, Insurer defines the term "claim" broadly to include Ms. Gutierrez's request to Plaintiff to rescind the loan transaction on July 18, 2005.  Plaintiff disagrees because Ms. Gutierrez did not give him notice of her intention to hold

AMENDED CASE MANAGEMENT CONFERENCE STATEMENT
C07-04027 MMC
159984

1    Plaintiff liable for damages until she served Plaintiff with her lawsuit on August

2    8, 2006.

3    4.    Motions:  None pending at this time.

4    5.    Amendment of Pleadings:  None pending at this time.

5    6.    Evidence Preservation:  Plaintiff's counsel of record has in its possession

6    evidence relevant to the issues reasonably evident in this action, including email and voice mail

7    communications.

8    7.    Disclosures:  Since Insurer has not yet been served with the summons and

9    complaint, initial disclosures have not yet been made.

10   8.    Discovery:  None pending at this time.

11   9.    Class Actions:  Not applicable.

12   10.    Related Cases:  The case giving rise to Plaintiff's complaint, *Gutierrez v. Akbar et*

13   *al.* (Alameda County Superior Court Case No. RG06276752) has been settled and dismissed

14   with prejudice.

15   11.    Relief: Plaintiff seeks from Insurer reimbursement of all legal fees and costs

16   incurred in the defense of the Gutierrez lawsuit, indemnification for the settlement payment of

17   $50,000 made to Ms. Gutierrez, attorneys fees and costs incurred in this action, general damages,

18   punitive damages, and other potential relief listed in his complaint.

19   12.    Settlement and ADR:  Shortly after Plaintiff filed his complaint, he and Insurer

20   agreed to negotiate a settlement before Plaintiff served his complaint.  Plaintiff has sent a formal

21   settlement offer to Insurer.  Insurer subsequently requested detailed documentation from Plaintiff

22   to support his compensatory damage claims.  As of October 30, 2007, Plaintiff provided Insurer

23   with all the documentation requested by Insurer.  Plaintiff has not yet received a response or

24   counter-offer of settlement from Insurer.  Plaintiff has followed up with Insurer and requested it

25   waive service of process.  If the parties are unable to settle this matter shortly, Plaintiff believes

26   that negotiations will likely be resolved through court-sponsored mediation.

27   13.    Consent to Magistrate Judge For All Purposes:  Plaintiff requested reassignment

28

6

AMENDED CASE MANAGEMENT CONFERENCE STATEMENT
C07-04027 MMC
159984

1   of this action to a United States District Judge, and the action was reassigned to the Honorable

2   Maxine M. Chesney on November 8, 2007.

3       14.   <u>Other References</u>:  As mentioned in paragraph 12 above, Plaintiff believes this

4   case is suitable for mediation.

5       15.   <u>Narrowing of Issues</u>:  Plaintiff will discuss narrowing of issues with Insurer if this

6   matter is not settled before the due date to serve the summons and complaint.

7       16.   <u>Expedited Schedule</u>:  Not applicable.

8       17.   <u>Scheduling</u>:  Plaintiff will work with Insurer to propose discovery and trial

9   scheduling dates once Insurer has appeared in this action.

10      18.   <u>Trial</u>:  Plaintiff requests a jury trial and expects the trial length to be 5 to 7 days.

11      19.   <u>Disclosure of Non-party Interested Entities or Persons</u>:  Plaintiff has filed the

12  certification required by Civil L.R. 3-16 disclosing the following non-parties: (1) Community

13  One Financial & Real Estate Services Corp; and (2) Yama Marifat.

14

15                              Respectfully Submitted,

16    Date:  November 30, 2007        RANDICK O'DEA & TOOLIATOS, LLP

17

18

19                              By: _____

20                                 Patrick E. Guevara

20                              Attorneys for Plaintiff AJMAL AKBAR dba

21                              COMMUNITY ONE FINANCIAL AND REAL

                            ESTATE SERVICES

22

23

24

25

26

27

28

                                                   7