1  **Leslie A. Baxter, SBN 148195**
   lbaxter@randicklaw.com
2  **Patrick E. Guevara, SBN 202727**
   pguevara@randicklaw.com
3  **RANDICK O'DEA & TOOLIATOS, LLP**
   5000 Hopyard Road, Suite 400
4  Pleasanton, CA 94588
   Phone  (925) 460-3700
5  Fax     (925) 460-0969

6  Attorneys for Plaintiff AJMAL AKBAR dba COMMUNITY ONE
   FINANCIAL AND REAL ESTATE SERVICES
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

| | |
|---|---|
| AJMAL AKBAR, an individual doing business as COMMUNITY ONE FINANCIAL AND REAL ESTATE SERVICES,<br><br>                    Plaintiff,<br><br>        vs.<br><br>LEXINGTON INSURANCE COMPANY, a Delaware corporation,<br><br>                    Defendant. | Case No.: C07-04027 MCC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:         February 1, 2008<br>Time:        10:30 a.m.<br>Judge:       Honorable Maxine M. Chesney<br>Courtroom: No. 7 |

                                                                              1

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
C07-04027 MMC
163204_2

Plaintiff Ajmal Akbar, an individual doing business as Community One Financial and Real Estate Services ("Plaintiff") and defendant Lexington Insurance Company (hereinafter "Defendant") hereby file this joint case management conference statement pursuant L.R. 16-9.

1. <u>Jurisdiction and Service</u>.

The basis for subject matter jurisdiction over Plaintiff's claims is diversity of citizenship among the parties. Plaintiff's principal place of business is Fremont, California. Defendant is a Delaware corporation with its principal place of business in Boston, Massachusetts. Plaintiff seeks damages in excess of $75,000. Defendant is an insurer that regularly issues and delivers liability insurance policies to residents of the Northern District of California; thus, this Court has personal jurisdiction over Defendant. To facilitate settlement discussions that began shortly after Plaintiff's complaint was filed, Plaintiff has agreed to hold off service of the summons and complaint upon the Defendant. While the parties made progress in their settlement negotiations, they were not finalized, and the Complaint was served on Defendant on December 3, 2007. The parties stipulated to extend the time for Defendant to file a response to the Complaint up to and including January 3, 2008. Defendant filed its answer to the Complaint on January 3, 2008.

2. <u>Facts</u>:

*a. Plaintiff's Statement*

This is an action by Plaintiff against Defendant for the breach of an insurance contract and for breach of the implied covenant of good faith and fair dealing that Defendant owes to Plaintiff. Plaintiff is a real estate and mortgage loan broker licensed by the California Department of Real Estate. On or about September 7, 2005, Plaintiff obtained a Miscellaneous Professional Liability Insurance Policy from Defendant (the "Policy"), the terms of which Defendant agreed to defend and indemnify Plaintiff against liability resulting from Plaintiff's real estate and mortgage loan brokerage business. The Policy is a "Claims Made and Reported Policy" that was valid for claims made beginning on September 7, 2005 and ending on September 7, 2006. The Policy applied to error or omissions occurring on or after September 7, 2004.

Plaintiff brokered a mortgage refinancing loan transaction for Maricela Gutierrez. The loan, which closed on July 8, 2005, was funded by another party, Ownit Mortgage Solutions, Inc. (the "Lender"). The rescission disclosure given to Ms. Gutierrez at the closing required that notice of a borrower's intent to rescind the loan must be made directly to Lender not the broker. Ms. Gutierrez did not give the Lender notice of her intent to rescind the loan. Instead, she visited Plaintiff on July 18, 2007 requesting that he rescind the loan transaction. Plaintiff was unable to do so because the rescission period had passed and Lender, not Plaintiff, is the only party that can rescind the loan. Ms. Gutierrez made additional visits to Plaintiff complaining about the loan transaction, including a pre-payment penalty she was required to pay. As a gesture of goodwill, Plaintiff offered to reimburse Ms. Gutierrez for the amount of her pre-payment penalty, but she never responded to this offer. Nearly one year later, Ms. Gutierrez commenced an action against Plaintiff and Lender in the Superior Court of California, County of Alameda, entitled *Gutierrez v. Akbar et al.* (Case No. RG06276752) for damages allegedly suffered as a result of the mortgage loan transaction brokered by Plaintiff. On August 8, 2006, Plaintiff was served with Ms. Gutierrez's complaint, and he immediately gave Defendant notice of Ms. Gutierrez's lawsuit. On or around August 16, 2006, Defendant acknowledged receipt of Plaintiff's notice of the Gutierrez lawsuit and advised Plaintiff that it would notify him shortly about its decision on whether it was going to defend and indemnify Plaintiff for this lawsuit.

As of November 2006, Plaintiff did not receive any correspondence from Defendant denying or confirming coverage, so Plaintiff retained his own attorneys to defend him in the Gutierrez lawsuit. Plaintiff's defense counsel made numerous attempts to obtain coverage confirmation from the Defendant, including voice mails that were not returned and several letters advising Defendant of the case status and demanding a coverage decision. On April 30, 2007, Plaintiff's counsel sent Defendant written notice of Plaintiff's intent to file an action against Defendant for breach of the insurance contract and for "bad faith." In response, the Defendant faxed to Plaintiff's counsel on May 1, 2007 a letter purportedly dated September 18, 2005 from Defendant confirming denial of coverage for the Gutierrez matter. To support its denial,

1  Defendant argued that Gutierrez reported her claim on or around July 2005, which is before the
2  Policy was in effect. Plaintiff never received Defendant's September 18, 2005 letter and was not
3  provided proof of its delivery on the purported date by Defendant. On May 7, 2007, Plaintiff's
4  counsel wrote a detailed letter analyzing California case law on the definition of "claim,"
5  enclosing excepts from Ms. Gutierrez's deposition transcripts regarding the details of her
6  complaints to Plaintiff, and requesting Defendant to reconsider its denial of coverage. Defendant
7  never responded to this request for reconsideration.
8       After numerous rounds of written discovery and seven depositions, the Gutierrez lawsuit
9  was settled in mediation on June 13, 2007. Pursuant to the terms of the settlement, Plaintiff paid
10 Ms. Gutierrez $50,000 and her lawsuit was dismissed with prejudice. In addition to the
11 settlement payment, Plaintiff incurred out-of-pocket legal fees and costs in excess of $100,000 to
12 defend himself in the Gutierrez lawsuit.
13      The principal factual disputes between Plaintiff and Defendant are: (1) whether Ms.
14 Gutierrez presented a "claim" on July 2005 (shortly after the loan transaction closed) or on
15 August 16, 2006 (when Ms. Gutierrez served Plaintiff with her complaint); and (2) whether
16 Defendant's actions breach the implied covenant of good faith and fair dealing.
17              *b.*    *Defendant's Statement*
18      Lexington provided Community One Financial & Real Estate Services with a
19 Miscellaneous Professional Liability Insurance Policy with effective dates of September 7, 2005
20 to September 7, 2006. The policy is written on a claims made and reported basis and only
21 applies to claims first made against the insured during the policy period. Moreover, the policy
22 contains an exclusion that sets forth coverage shall not apply to any claim based upon or arising
23 out of any alleged act, omission or circumstance likely to give rise to a claim that the insured had
24 knowledge of prior to the effective date of this policy. It is Lexington's position that Ms.
25 Gutierrez did in fact assert a claim against plaintiff prior to September 7, 2005 or, at the very
26 least, that plaintiff was aware of circumstances that would likely give rise to the eventual lawsuit
27 filed by Ms. Gutierrez prior to inception of the Lexington policy.
28

4

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
C07-04027 MMC
163204_2

1    In deposition testimony given in the underlying litigation, Mr. Akbar admitted that in July of 2005, he discussed making a refund to Ms. Gutierrez in exchange for her agreement to sign a release of any lawsuit that she may potentially bring in the future in connection with the subject loan.  In addition, Mr. Akbar admitted he was aware that in June or July of 2005, Ms. Gutierrez and Mr. Neri had a meeting with Mr. Marifat, during which she demanded $100,000.00 to $150,000.00 to resolve her claims against plaintiff.  Furthermore, Mr. Neri testified at deposition that he was present when Mr. Akbar made Ms. Gutierrez an offer to "go away" in exchange for a payment in the amount of $13,000.00.  Mr. Neri testified that this offer was more than a refund, but an offer to "clean our hands" of the matter and go away.

The foregoing evidence supports Lexington's position that either a claim had in fact been made by Ms. Gutierrez prior to policy incept or, at the very least, that a circumstance likely to give rise to a claim against plaintiff existed prior to September 7, 2005.  If the matter cannot be resolved informally, Lexington is considering the filing of a motion for summary judgment on the coverage issue.

Lexington denies that it was guilty of any bad faith in the handling of the coverage claim.

3.    <u>Legal Issues</u>:  The principal disputed point of law is the meaning of the term "claim" in the Policy.  The Policy states that:  "**Claim** means a notice received by an **Insured** from a person or entity advising that it is the intention of that person or entity to hold the **Insured** liable for **Damages** for a **Wrongful Act** covered under this policy."  The legal issue is whether a borrowers demand on a mortgage broker to rescind a mortgage loan is a "claim" as defined in the Policy.

4.    <u>Motions</u>:  None pending at this time.

5.    <u>Amendment of Pleadings</u>:  None pending at this time.

6.    <u>Evidence Preservation</u>:  Plaintiff's counsel of record has in its possession evidence relevant to the issues reasonably evident in this action, including email and voice mail communications.

7.    <u>Disclosures</u>:  The parties have voluntarily exchanged documents and information

5

JOINT CASE MANAGEMENT CONFERENCE STATEMENT
C07-04027 MMC
163204_2

to enable meaningful settlement negotiations. The parties request that the deadline for initial disclosures be set after ADR is completed.

      8.    <u>Discovery</u>: The parties have voluntarily exchanged documents and information to enable meaningful settlement negotiations. The parties request that the discovery scheduling order be issued after ADR is completed.

      9.    <u>Class Actions</u>: Not applicable.

      10.    <u>Related Cases</u>: The case giving rise to Plaintiff's complaint, *Gutierrez v. Akbar et al.* (Alameda County Superior Court Case No. RG06276752) has been settled and dismissed with prejudice.

      11.    <u>Relief</u>: Plaintiff seeks from Defendant reimbursement of all legal fees and costs incurred in the defense of the Gutierrez lawsuit, indemnification for the settlement payment of $50,000 made to Ms. Gutierrez, attorneys fees and costs incurred in this action, general damages, punitive damages, and other potential relief listed in his complaint.

      12.    <u>Settlement and ADR</u>: The parties have been engaged in settlement negotiations and believe such negotiations will likely be resolved through court-sponsored mediation.

      13.    <u>Consent to Magistrate Judge For All Purposes</u>: Plaintiff requested reassignment of this action to a United States District Judge, and the action was reassigned to the Honorable Maxine M. Chesney on November 8, 2007.

      14.    <u>Other References</u>: Not applicable.

      15.    <u>Narrowing of Issues</u>: The parties plan to discuss whether narrowing issues are appropriate in this case.

      16.    <u>Expedited Schedule</u>: Not applicable.

      17.    <u>Scheduling</u>: The parties have voluntarily exchanged documents and information to enable meaningful negotiations. The parties request that the discovery scheduling order be issued after ADR is completed.

      18.    <u>Trial</u>: Plaintiff requests a jury trial and expects the trial length to be 5 to 7 days.

      19.    <u>Disclosure of Non-party Interested Entities or Persons</u>: Plaintiff has filed the

certification required by Civil L.R. 3-16 disclosing the following non-parties: (1) Community One Financial & Real Estate Services Corp; and (2) Yama Marifat.

Respectfully Submitted,

Date: January 17, 2008            RANDICK O'DEA & TOOLIATOS, LLP

By: /s/ _____
    Patrick E. Guevara

Attorneys for Plaintiff AJMAL AKBAR dba COMMUNITY ONE FINANCIAL AND REAL ESTATE SERVICES

Date: January 17, 2008            CODDINGTON, HICKS & DANFORTH

By: /s/ _____
    Randolph S. Hicks

Attorneys for Defendant LEXINGTON INSURANCE COMPANY